IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GUNBROKER.COM, LLC,

    Plaintiff,

        v.

TENOR CAPITAL PARTNERS, LLC,


    Defendant.

CIVIL ACTION FILE
NO. 1:20-CV-613-TWT

## OPINION AND ORDER

This is a securities action. It is before the Court on the Plaintiff's Motion for Reconsideration [120]. For the reasons set forth below, the Plaintiff's Motion for Reconsideration [120] is DENIED.

## I.   Legal Standard

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *American Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing *Commodity Futures Trading Comm'n v. American Commodity Grp. Corp.*, 753 F.2d 862, 866 (11th Cir. 1984)). The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration; nevertheless, such motions are common in practice. Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary."

LR 7.2(E), NDGa. A party may move for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice." *Godby v. Electrolux Corp.*, No. 1:93-CV-0353-ODE, 1994 WL 470220, at \*1 (N.D. Ga. May 25, 1994). A party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon v. National Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

## II.   Discussion

On November 3, 2021, the Court issued an order granting in part and denying in part the Defendant Tenor Capital Partners, LLC's ("Tenor") and the Plaintiff GunBroker.com, LLC's ("GunBroker") Motions for Partial Summary Judgment. *GunBroker.com, LLC v. Tenor Cap. Partners, LLC*, No. 1:20-CV-613-TWT, 2021 WL 5113200 (N.D. Ga. Nov. 3, 2021). Among its holdings, the Court awarded summary judgment to Tenor on GunBroker's Count III under the Georgia Uniform Securities Act ("Georgia Securities Act"). *Id.* at \*11. The order explained that Tenor must be classified as a "federal covered investment adviser" under the Georgia Securities Act because it is subject to the federal Investment Advisers Act. *Id.* Accordingly, Tenor was not required to register as an "investment adviser" with the state under O.C.G.A. § 10-5-32(a), and GunBroker had no cause of action for restitution and litigation expenses under

O.C.G.A. § 10-5-58(e). *Id.* GunBroker now petitions the Court to reinstate its Count III on two distinct grounds.

First, GunBroker reverses course from its summary judgment briefs to argue that Tenor can *only* be considered an investment adviser, and not a federal covered investment adviser, under state law. (*Contra* Pl.'s Br. in Supp. of Pl.'s Mot. for Partial Summ. J., at 31 (arguing Tenor unlawfully failed to register under O.C.G.A. § 10-5-34(a) as a federal covered investment adviser); Pl.'s Br. in Opp'n to Def.'s Mot. for Partial Summ J., at 29 n.8 (same).) In support of this new argument, GunBroker directs the Court—for the first time—to the statutory definition of "federal covered investment adviser," which means "a person *registered* under the Investment Advisers Act[.]" O.C.G.A. § 10-5-2(8) (emphasis added). According to GunBroker, Tenor does not meet this definition because it was never registered with the U.S. Securities and Exchange Commission ("SEC"), and it was thus required to register as an investment adviser with the state under O.C.G.A. § 10-5-32(a).

This is an argument that could and should have been presented to the Court earlier—when Tenor moved for summary judgment as to the entirety of GunBroker's Count III. (Def.'s Br. in Supp. of Def.'s Mot. for Partial Summ. J., at 11.) The Court is not inclined to accept it now on reconsideration and, in the process, relieve GunBroker "of the consequences of its original, limited presentation." *Dyas v. City of Fairhope*, No. 08-0232-WS-N, 2009 WL 5062367, at *3 (S.D. Ala. Dec. 23, 2009); *see also Lockard v. Equifax, Inc.*, 163 F.3d 1259,

1267 (11th Cir. 1998) ("Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued."); *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) ("A district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation."); *American Home Assurance Co.*, 763 F.2d at 1239 ("There is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments on a motion to amend; if accepted, the latter essentially affords a litigant 'two bites at the apple.'") (citation omitted).

Nonetheless, the Court finds it appropriate to explain why GunBroker's new argument, even if allowed, would not change the outcome on summary judgment. First, the Court agrees with GunBroker that the definition of "federal covered investment adviser" under the Georgia Securities Act refers only to people who are actually registered with the SEC, and not those who are merely subject to federal registration requirements.[1]  However, it is ultimately irrelevant whether Tenor is classified as a federal covered investment adviser

---

[1]  This conclusion follows not only from the definition of "federal covered investment adviser" in O.C.G.A. § 10-5-2(8), but also from other sections of the statute. For example, O.C.G.A. § 10-5-34(c) requires that a federal covered investment adviser file a notice and a consent to service of process with the state, as well as "such records as have been filed with the [SEC] under the Investment Advisers Act[.]" Obviously, Tenor cannot provide any such records since it has never been registered with the SEC.

or an investment adviser: the company is exempt from state registration requirements either way because it had fewer than six clients in Georgia in the 12 months preceding the GunBroker agreement. Ga. Comp. R. & Regs. 590-4-4-.13(1)(b) ("The provisions of Sections 10-5-32(a) and 10-5-34(a) shall not apply to . . . [a]ny investment adviser or federal covered investment adviser who during the course of the preceding 12 months has had fewer than six clients in this state[.]"). (Schnabl Decl. ¶ 3 (stating Tenor had four clients in Georgia during the relevant time period).)[2] Therefore, GunBroker cannot maintain an action against Tenor under O.C.G.A. § 10-5-58(e), and the Court appropriately granted summary judgment for Tenor on that claim.

Next, GunBroker argues that its claim under O.C.G.A. § 10-5-58(f) should survive because Tenor made no substantive argument concerning this provision. In relevant part, O.C.G.A. § 10-5-58(f) provides:

> [a] person that receives directly or indirectly any consideration for providing investment advice to another person and that employs a device, scheme, or artifice to defraud the other person or engages in an act, practice, or course of business that operates or would operate as a fraud or deceit on the other person is liable to the other person.

While Tenor never cited O.C.G.A. § 10-5-58(f) in its summary judgment briefs, it did argue that GunBroker's Count III should fail in part because "there was

---

[2] GunBroker argues that the Court should disregard the declaration of Samuel Andrew Schnabl because it presents new evidence in response to a motion for reconsideration. But this new evidence was made necessary by GunBroker's new argument regarding state registration requirements, so the Court will allow and consider the declaration for that purpose.

5

no 'fraud or deceit' in any aspect of Tenor's performance under the Letter Agreement[.]" (Def.'s Br. in Supp. of Def.'s Mot. for Partial Summ J., at 11.) The Court agreed and granted summary judgment on GunBroker's fraudulent inducement and negligent misrepresentation claims, finding no evidence of a false statement by Tenor or justifiable reliance thereon by GunBroker. *GunBroker.com*, 2021 WL 5113200, at *12-15. GunBroker does not seek reconsideration of those holdings in this Motion for Reconsideration.

Instead, GunBroker argues that the Georgia Securities Act sounds in principles of negligence rather than fraud and thus creates broader liability than common law fraud. That argument is mistaken. The Georgia Court of Appeals has recognized that "common law and securities fraud require the same elements," including a (1) misstatement or omission, (2) of material fact, (3) made with scienter, (4) on which the plaintiff relied, (5) that proximately caused his injury. *Keogler v. Krasnoff*, 268 Ga. App. 250, 254 (2004); *GCA Strategic Inv. Fund, Ltd. v. Joseph Charles & Assocs., Inc.*, 245 Ga. App. 460, 463 (2000).[3] While GunBroker seizes on references to a "device, scheme, or artifice" and an "act, practice, or course of business" in O.C.G.A. § 10-5-58(f),

---

[3] Both *Keogler* and *GCA* involved securities fraud claims under O.C.G.A. § 10-5-12(a) (now O.C.G.A. § 10-5-50), which contains the same relevant language as O.C.G.A. § 10-5-58(f): that it is unlawful for a person to "employ a device, scheme, or artifice to defraud" or to "engage in an act, practice, or course of business that operates or would operate as a fraud or deceit upon a person." *Compare Keogler*, 268 Ga. App. at 253 n.4, *with* O.C.G.A. § 10-5-58(f).

those terms do not create a lower hurdle for plaintiffs to prove securities fraud compared to traditional fraud. The Court finds then that its previous holdings on GunBroker's fraudulent inducement and negligent misrepresentation claims are directly applicable to its securities fraud claim.

GunBroker further argues that Tenor committed a fraudulent omission in failing to disclose that it was not registered as an investment adviser with the SEC or state. (*See* Am. Compl. ¶ 53-54.) This allegation is also not viable under O.C.G.A. § 10-5-58(f) because there is no evidence that GunBroker ever justifiably relied on Tenor's (unstated) registration status. To show justifiable reliance sufficient to constitute securities fraud, GunBroker must prove that "with the exercise of reasonable diligence it still could not have discovered the truth behind the fraudulent omission or misrepresentation." *GCA*, 245 Ga. App. at 464 (citation and alteration omitted). Here, the record shows that GunBroker discovered Tenor's lack of registration in February 2019 after consulting outside counsel and then asking Tenor about its securities licenses and, if none, applicable exemptions. *GunBroker*, 2021 WL 5113200, at *5. GunBroker could have easily done the same research three months earlier when the Parties executed the Letter Agreement. Because none of GunBroker's fraud allegations can withstand summary judgment, the Court denies the Motion for Reconsideration as to its O.C.G.A. § 10-5-58(f) claim.

### III.   Conclusion

For the reasons set forth above, the Court DENIES GunBroker's

Motion for Reconsideration [120].

     SO ORDERED, this   <u>11th</u>   day of January, 2022.

THOMAS W. THRASH, JR.
United States District Judge
