**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| GunBroker.com, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Tenor Capital Partners, LLC,<br><br>Defendant. | ) | Case No.: 1:20-cv-00613-TWT |

**CONSOLIDATED PRETRIAL ORDER**

Pursuant to Local Rule 16.4, the Plaintiff and Defendant in this matter hereby submit the Consolidated Pre-Trial Order, stating as follows:

1.

There are no motions or other matters pending for consideration by the court except as noted:

- **GunBroker's Motion to Quash the Deposition and Document Subpoena Issued to Ammo, Inc. and/or for a Protective Order [Doc. 134]**
- **Tenor Capital Partners, LLC's Motion to Realign Parties [to be filed with the Consolidated Pretrial Order]**

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Ref to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**Tenor Capital Partners, LLC ("Tenor") has issued a subpoena *duces tecum* for the trial preservation[1] deposition of AMMO, Inc., a Delaware company with its principal place of business in Arizona, that reportedly closed the acquisition of GunBroker.com, LLC ("GunBroker") while the parties were briefing summary judgment. GunBroker.com, LLC has filed a Motion to Quash the subpoena [Doc. 134], and Tenor's response to that motion is due on February 18, 2022. Regardless of how the motion is resolved, the AMMO, Inc. subpoena is not expected to delay the parties' readiness for trial.**

**GunBroker.com LLC is considering taking one or more depositions for the preservation of evidence and/or use at trial. These depositions, if taken, will not delay the parties' readiness for trial.**

[1] GunBroker disputes whether the deposition is a trial preservation deposition. *See* GunBroker's Motion to Quash. [Doc. 134].

**Furthermore, to the extent Tenor intends to seek an award of attorney's fees pursuant to O.C.G.A. §13-6-11, GunBroker contends that it is entitled to depose Tenor regarding the reasonableness of the legal fees upon which such a claim is based.**

**Otherwise, discovery is complete.**

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**Since Tenor is the only party with claims remaining, Tenor requests that the Court realign the case and name Tenor Plaintiff and name GunBroker Defendant.**

**GunBroker.com LLC is unaware of any legal authority or basis for realigning the parties except in the context of determining diversity jurisdiction for the purposes of Removal which is not applicable here. Nevertheless, GunBroker understands that Tenor will be filing a motion seeking the realignment issue and GunBroker will consider the applicability of any authority cited therein and will respond as appropriate.**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

**There is no question as to the jurisdiction of the Court pursuant to 28 U.S.C. §§ 1331 and 1367.**

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

| | |
|---|---|
| **Plaintiff:** | **Richard L. Robbins** |
| | **Matthew T. Parrish** |
| **Defendant:** | **John H. Goselin II** |
| | **Jeffrey P. Lutz** |

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**Tenor contends that, since it is the only party with claims remaining, it should open arguments to the jury.**

**GunBroker contends that as the Plaintiff who initiated the lawsuit and since GunBroker prevailed on its primary claim under the Investment Advisors Act of 1940 to void the October 16, 2018 Letter Agreement, GunBroker should open arguments regarding the issue of unjust enrichment.**

7.

The captioned case shall be tried to a **jury**.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e., that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**The parties do not request that the trial be bifurcated.**

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which Tenor wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which GunBroker wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to Tenor's voir dire questions:

**Objection to Tenor's Voir Dire No. 2: GunBroker objects to this question because it introduces facts not yet in evidence, is argumentative, overbroad and prejudicial.**

**Objection to Tenor's Voir Dire No. 4: GunBroker objects to this question because it introduces facts not yet in evidence is argumentative, suggestive and prejudicial.**

**Objection to Tenor's Voir Dire No. 5: GunBroker objects to this question because it is argumentative, suggestive and prejudicial.**

**Objection to Tenor's Voir Dire No. 6: GunBroker objects to this question because it introduces facts not yet in evidence, is argumentative, suggestive, and prejudicial.**

**Objection to Tenor's Voir Dire No. 7: GunBroker objects to this question because it introduces facts not yet in evidence, is argumentative, suggestive, and prejudicial.**

State any objections to GunBroker's voir dire questions:

**Objection to GunBroker's Voir Dire No. 5: Tenor objects to this question because it introduces facts not yet in evidence, is overbroad, and potentially prejudicial.**

**Objection to GunBroker's Voir Dire No. 6: Tenor objects to this question because it is argumentative, suggestive, and potentially prejudicial.**

**Objection to GunBroker's Voir Dire No. 9: Tenor objects to this question because it is argumentative, suggestive, and potentially prejudicial.**

**Objection to GunBroker's Voir Dire No. 11: Tenor objects to this question because it is argumentative, suggestive, and potentially prejudicial.**

State any objections to the voir dire questions of the other parties, if any:

**Not Applicable.**

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of preemptory challenges are provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

**The parties do no request any additional peremptory challenges or jurors.**

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

**N/A.**

14.

Attached hereto as Attachment "C" is Tenor's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the GunBroker's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any

counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment “E” are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

**The Parties have not yet determined which facts to which they can stipulate, but intend to work in good faith to identify all undisputed facts to which they can stipulate and will supplement this Pretrial Order with the stipulated facts in advance of trial.**

17.

The legal issues to be tried are as follows:

**Tenor describes the legal issues to be tried as follows:**

**Whether GunBroker owes Tenor for the services Tenor provided to GunBroker under the theory of unjust enrichment, and if so, in what amount.**

**Whether Tenor is entitled to recover its legal fees and costs of litigation incurred in this lawsuit, and if so, the amount of such legal fees and costs to be awarded.**

**GunBroker describes the legal issues to be tried as follows:**

**Pursuant to the theory of unjust enrichment, whether based upon the totality of the circumstances Tenor conveyed a benefit to GunBroker for which GunBroker should compensate Tenor, and if so, in what amount.**

**Whether GunBroker acted in bad faith, was stubbornly litigious or caused Tenor unnecessary trouble and expense in rejecting Tenor's demand for payment pursuant to the void October 16, 2018 Letter Agreement and seeking a judicial determination of the validity of the October 16, 2018 Letter Agreement?**

18.

Attached hereto as Attachment "F-1" for Tenor, Attachment "F-2" for GunBroker, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses

whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses who use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for Tenor, "G-2" for GunBroker, and "G-3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all parties or

permission of the courts. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**1. Steve Urvan**

(**NOTE:** Mr. Urvan was presented for the below depositions as GunBroker's corporate representative. As such, Tenor reserves the right to use his testimony "for any purpose" pursuant to F.R.C.P. 32(a)(3).)

**Taken November 11, 2020**

| Page / Line |
|---|
| 11:16-24 |
| 15:8-11 |
| 22:17-23:3 |
| 79:9-80:3 |
| 84:1-19 |
| 86:14-19 |
| 97:1-21 |
| 109:7-21 |
| 113:14-18 |
| 113:25-115:19 |

| |
|---|
| 116:3-6 |
| 116:16-117:10 |
| 118:7-119:10 |
| 123:21-23 |
| 125:1-17 |
| 130:21-131:12 |
| 139:11-15 |
| 157:11-158:18 |
| 160:12-162:16 |
| 165:6-14 |
| 168:21-170:7 |
| 188:1-8 |
| 189:9-13 |
| 190:19-191:3 |
| 193:20-194:7 |
| 197:23-198:3 |
| 200:24-201:1 |
| 216:11-219:1 |
| 221:24-223:7 |
| 224:6-225:2 |
| 230:1-231:4 |
| 231:15-232:19 |

**2. Ty Dealy**

By Tenor:

**Taken October 20,2020**

| |
|---|
| 26:10-27:22 |
| 27:23-28:9 |
| 32:22-33:5 |
| 33:6-38:18 |
| 43:18-44:7 |
| 51:10-52:14 |
| 55:2-17 |

| |
|---|
| 58:15-23 |
| 60:15-25 |
| 94:4-98:2 |

By GunBroker:

**Taken October 20, 2020**

| |
|---|
| 24:11- 25:7 |
| 31:6-32-14 |
| 38:19-39:10 |
| 39:20-23 & 40:10-13 |
| 47:10-49:19 |
| 50:9-17 |
| 53:16-54:19 |
| 101:12-102:1 |
| 103:8-104:16 |
| 105:15-19 |

3. **Andre Schnabl:**

**Taken February 3-4, 2021**

| |
|---|
| 68:23-69:1 |
| 70:15-71:14 |
| 72:7-24 |
| 78:10-79:15 |
| 79:16-81:5 |
| 82:19-83:11 |
| 83:12-84:20 |
| 86:9-87:17 |
| 90:13-91:5 |
| 93:6-93:12 |
| 94:9-21 |
| 94:25-95:14 |

| |
|---|
| 95:19-96:16 |
| 101:22-102:15 |
| 103:20-103:25 |
| 104:7-104:21 |
| 106:20-107:8 |
| 108:21-109:8 |
| 110:7-12 |
| 112:13-113:22 |
| 126:7-127:4 |
| 127:16-20 |
| 128:5-23 |
| 131:16-23 |
| 133:14-135:19 |
| 137:8-13 |
| 143:5-13 |
| 143:14-144-10 |
| 145:17-146:7 |
| 149:6-149:25 |
| 156:16-157:20 |
| 158:21-160:3 |
| 163:11-16 |
| 171:15-173:3 |
| 176:10-23 |
| 179:19-180:6 |
| 186:24-187:16 |
| 189:11-190:21 |
| |

**4. Todd Butler**

**Taken February 2-3, 2021**

| |
|---|
| 12:6-21 |
| 34:15-36:19 |
| 60:25-63:6 |
| 69:5-20 |

| |
|---|
| 109:15-111:3 |
| 131:10-133:25 |
| 172:16-173:4 |
| 175:5-176;11 |
| 179:19-180:6 |
| 182:9-25 |
| 184:17-23 |
| 185:20-24 |
| 186:17-187:15 |
| 186:24-187:16 |
| 188:9-189:20 |
| 206:9-207:10 |
| 233:7-234:20 |
| 251:23-254:24 |
| 262:11-263:7 |
| 263:14-25 |
| 265:3-266:21 |
| 267:19-268:7 |
| 268:21-269:1 |
| 269:14-270:9 |
| 270:22-271:9 |
| 272:22-274:3 |
| 281:16-283:18 |
| 281:16-283:18 |
| 304:19-306:3 |

**5. AMMO, Inc. – Deposition scheduled to be taken.**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all

extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for Tenor, "H-2" for GunBroker, and "H-3" etc, for the other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition to the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principal (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

**The Parties have not agreed to the form of a Special Verdict and therefore each party submits their proposed verdict form:**

**Tenor's Proposed Special Verdict Form is attached as Attachment I.**

**GunBroker's Proposed Special Verdict Form is attached as Attachment J**

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**The parties agree to one-half hour of argument for each side.**

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

**N/A**

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on December 1, 2021, to discuss in good faith the possibility of settlement of this case. The court (____) has or (__X_) has not discussed settlement of this case with counsel. It appears as this time that there is:

(_____) a good possibility of settlement.

(_____) Some possibility of settlement.

(__X__) Little possibility of settlement.

(_____) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

**The parties do not request a special setting.**

28.

The plaintiff estimates that it will require **2** days to present its evidence. The defendant estimates that it will require **2**_ days to present its evidence. The other parties estimate that it will require N/A days to present their evidence. It is estimated that the total trial time is **4** days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that is supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order

shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS HEREBY ORDERED this 11th day of May, 2022.

Thomas W. Thrash, Jr.
United States District Judge

SUBMITTED:

/s/ Matthew T. Parrish
Richard L. Robbins
rrobbins@robbinsfirm.com
Jeremy U. Littlefield
Georgia Bar No. 141539
jlittlefield@robbinsfirm.com
Matthew T. Parrish
Georgia Bar No. 558262
mparrish@robbinsfirm.com
M. Koty Newman
Georgia Bar No. 362698
knewman@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, GA 30318
Telephone: 678-701-9381
Facsimile: 404-856-3255

*Attorneys for Defendant Tenor Capital Partners, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 15, 2022, I caused to be served the foregoing **DEFENDANT TENOR CAPITAL PARTNERS, LLC'S PRETRIAL ORDER** by sending it via email to counsel as follows:

John H. Goselin II
Litchfield Cavo LLP
1300 Parkwood Circle SE, Suite 170
Atlanta, GA 30339
goselin@litchfieldcavo.com

Jeffrey P. Lutz
Culhane Meadows, PLLC
1624 Frederica Road Ste 5B
St. Simons Island, Georgia 31522
jlutz@cm.law

*/s/ Matthew T. Parrish*
Matthew T. Parrish
Georgia Bar No. 558262