# TABLE OF CONTENTS

**BASIC INSTRUCTIONS**

**3.1 Introduction**

**3.2.2 Duty to Follow Instructions - Corporate Party Involved**

**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

**3.4 Credibility of Witnesses**

**3.5.1 Impeachment of Witnesses because of Inconsistent Statements**

**3.6.1 Expert Witness**

**3.7.1 Responsibility for Proof - Plaintiff's Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence**

**3.8.1 Duty to Deliberate when only the Plaintiff Claims Damages**

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

**3.1 Introduction**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASE NO. 1:20-cv-613-TWT

Tenor Capital Partners, LLC,

Plaintiff,

vs.

GunBroker.com, LLC,

Defendant.
_________________________________/

COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**3.2.2 The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

**3.5.1 Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**3.6.1 Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiff Tenor Capital Partners LLC to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 7 (as modified)

The Plaintiff, Tenor Capital Partners, LLC, claims the Defendant, GunBroker.com, LLC, was Unjustly Enriched. GunBroker.com, LLC, denies those claims and contends that Tenor Capitol Partners, LLC did not confer any benefit upon GunBroker.com, LLC.

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 28

This Court has determined as a matter of law that Tenor is an investment advisor within the meaning of the Investment Advisor Act. You, the jury, are required to accept this as an established fact.

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 29

This Court has determined as a matter of law that the October 16, 2018 Letter Agreement is void and unenforceable because Tenor failed to register as an investment advisor as required by the Investment Advisor Act. You, the jury, are required to accept this as an established fact.

Plaintiff's Instruction No. 8

Unjust Enrichment

"[T]he theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated."

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 32

Instruction 16.750: Contracts; Quantum Meruit; Essential Requisites for Recovery

In order for the plaintiff to recover, the plaintiff must show that it had such a relationship with the defendant as to authorize the plaintiff to render the services alleged, that valuable services were rendered, that such services were accepted, that they benefited the defendant, and that they had a reasonable value. The value of the services must be proved by a preponderance of the evidence.

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 35

Ordinarily, when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof.

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 36

A contract to do an immoral or illegal thing is void.

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 37

If an express agreement is unenforceable and void because it violates some public policy, the agreement cannot be made legal and binding as an implied contract, by praying for recovery on a theory of unjust enrichment.

Plaintiff's Instruction No. 10

Unjust Enrichment

The essential elements of an unjust enrichment claim are that (1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the failure to so compensate would be unjust.

Plaintiff's Instruction No. 11

Unjust Enrichment; Damages

The measure of damages under unjust enrichment is based upon the benefit conferred upon the recipient and not the cost to render the service or cost of goods.

The unjust enrichment doctrine provides that a party shall not be allowed to profit or enrich itself inequitably at another's expense. The unjustly enriched party should pay for its gain.

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 43

Where a party sues for damages, the party has the burden of proving the amount of the loss in a manner that the jury can calculate the amount of the loss with a reasonable degree of certainty.

Plaintiff's Instruction No. 12

Attorneys' Fees (Expenses of Litigation); Generally

If the defendant has acted in bad faith or has been stubbornly litigious or has caused the plaintiff unnecessary trouble and expense, you may allow attorneys' fees as part of the damages. You should determine from the evidence the attorneys' fees (or other expense), if any, as will be allowed. It is only necessary to the plaintiff's recovery that it show any one of these three conditions exists.

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 48

O.C.G.A. §13-6-11:

Bad faith is bad faith arising out of the transaction upon which the complaint is based and refers to a time prior to the institution of action.

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 63

O.C.G.A. §13-6-11:

The bad faith which would authorize an award of attorney fees and costs is bad faith by the defendant connected with the transaction and dealings out of which the cause of action arose, rather than bad faith in defending or resisting the claim after the cause of action has already arisen.

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 51

O.C.G.A. §13-6-11:

A refusal to pay in bad faith means a frivolous and unfounded denial of liability. If there is any reasonable ground to contest the claim, there is no bad faith.

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 52

O.C.G.A. §13-6-11:

The phrases "stubbornly litigiousness" and "causing the plaintiff unnecessary trouble and expense" refer to a defendant's forcing of the plaintiff to sue where no "bona fide controversy" exists.

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 54

O.C.G.A. §13-6-11:

An award of attorney fees and costs is only authorized as to attorney fees and costs attributable solely to the claim upon which plaintiff prevailed.

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 62

O.C.G.A. §13-6-11:

Plaintiff cannot recover attorney fees and costs of defending against claims that the opposing party brought, but rather can only recover for its independent claim upon which it prevailed.

GUNBROKER's PROPOSED INSTRUCTIONS TO THE JURY, No. 60

O.C.G.A. §13-6-11:

An award of attorney fees and costs must be supported by evidence that the attorney fees and costs were reasonable.

**3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.