IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TENOR CAPITAL PARTNERS, LLC,

  Plaintiff,

  v.

GUNBROKER.COM, LLC,

  Defendant.

CIVIL ACTION FILE
NO. 1:20-CV-613-TWT

**OPINION AND ORDER**

This case is before the Court on the Defendant's Motion for Directed Verdict as to the Plaintiff's claim for unjust enrichment [Doc. 163] and the Defendant's Motion for Directed Verdict as to the Plaintiff's claim for litigation expenses [Doc. 186]. As set forth below, the Court DENIES the Defendant's Motion for Directed Verdict as to the Plaintiff's claim for unjust enrichment [Doc. 163] and DENIES as moot the Defendant's Motion for Directed Verdict as to the Plaintiff's claim for litigation expenses [Doc. 186].

First, the Defendant GunBroker.com, LLC argues that the Plaintiff Tenor Capital Partners, LLC cannot recover in unjust enrichment for services provided under a void contract. Under Georgia law, "[i]f . . . an express agreement is unenforceable because it violates public policy, the agreement can not be made legal and binding as an implied contract, by merely praying for a recovery on quantum meruit of a portion of the amount expressly agreed

upon." *JR Constr./Elec., LLC v. Ordner Constr. Co.*, 294 Ga. App. 453, 455 (2008) (quotation marks and citation omitted). Still, "where a contract is illegal only in part, recovery is allowed on a quantum meruit basis for the part of the services which was legal." *Five Star Athlete Mgmt., Inc. v. Davis*, 355 Ga. App. 774, 776 (2020) (citation omitted). Recovery is also ordinarily allowed "if the services themselves are not intrinsically illegal, or the conduct surrounding execution of the contract violates no overriding public interest[.]" *Genins v. Geiger*, 144 Ga. App. 244, 245-46 (citation omitted). To determine whether a demand connected with an illegal transaction is severable and thus enforceable at law, Georgia courts evaluate "whether [the] plaintiff requires any aid from the illegal transaction to establish his case." *Five Star*, 355 Ga. App. at 778 (citation omitted).

Earlier on summary judgment, this Court ruled that Tenor had provided investment advice to GunBroker.com on the sale of company securities to an employee stock ownership plan ("ESOP"). *See GunBroker.com, LLC v. Tenor Cap. Partners, LLC*, 2021 WL 5113200, at *8-11 (N.D. Ga. Nov. 3, 2021). Because Tenor was not registered under the federal Investment Advisers Act, the contract between the parties to provide those services was void. *See id.* But Tenor's unjust enrichment claim does not seek compensation for advising GunBroker.com on the value of securities or on the advisability of investing in, purchasing, or selling securities. Instead, the evidence presented at trial

relates to Tenor's efforts to obtain financing for GunBroker.com to complete an ESOP transaction—namely contacting its network of regulated and unregulated lenders and negotiating a term sheet on behalf of GunBroker.com. These activities are not covered by the Investment Adviser Act's definition of an "investment adviser," 15 U.S.C. § 80b-2(a)(11), nor did Tenor require any help from its investment advisory services to establish its case for unjust enrichment. *See Five Star*, 355 Ga. App. at 778. As a result, Tenor could maintain an unjust enrichment claim notwithstanding the void contract.

Second, GunBroker.com contends that Tenor's claim for litigation expenses cannot meet the standard in O.C.G.A. § 13-6-11 and thus fails as a matter of law. Because the jury found that GunBroker.com was not required to pay Tenor's reasonable attorneys' fees and litigation costs, this issue is now moot.

For the foregoing reasons, the Court DENIES the Defendant's Motion for Directed Verdict as to the Plaintiff's claim for unjust enrichment [Doc. 163] and DENIES as moot the Defendant's Motion for Directed Verdict as to the Plaintiff's claim for litigation expenses [Doc. 186].

SO ORDERED, this \_\_\_23rd\_\_\_ day of May, 2022.

THOMAS W. THRASH, JR.
United States District Judge